COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


MARTIN MARIETTA CORPORATION
AND
CIGNA COMPANIES
                                        MEMORANDUM OPINION[*]
v.   Record No. 1271-98-4                   PER CURIAM
                                         OCTOBER 6, 1998
MARY JOAN HARRIS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Douglas A. Seymour; The MacLaughlin Law
               Firm, on brief), for appellants.

               (Diane C.H. McNamara, on brief), for
               appellee.


     Martin Marietta Corporation and its insurer (hereinafter

referred to as "employer") contend that the Workers' Compensation

Commission ("commission") erred in finding that Mary Joan

Harris's February 28, 1997 back surgery and resulting disability

were causally related to her February 2, 1995 compensable injury

by accident.  Upon reviewing the record and the briefs of the

parties, we find that this appeal is without merit.  Accordingly,

we summarily affirm the commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

actual determination of causation is a factual finding that will

not be disturbed on appeal if there is credible evidence to

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In finding that Harris sustained her burden of proving that her work incapacity and the necessity for her February 1997 surgery were causally related to her compensable February 2, 1995 injury by accident, the commission found as follows:

> [T]he medical records are uniform that prior to the February 2, 1995, injury Harris suffered from the congenital anomaly spondylolisthesis. The records also reflect that after this incident in which Harris' spondylolisthesis was aggravated, she suffered pain, loss of work and eventually the need for surgery. The employer argues that because Harris did not suffer a disc herniation in the injury, the surgery for the spondylolisthesis was solely necessitated by this pre-existing condition. We disagree, finding that Harris' pre-existing spondylolisthesis had been asymptomatic requiring neither medical treatment nor lost time from work prior to the aggravation which occurred as a result of the February 2, 1995, injury. We find Drs. [Charles J.] Azzam, [Corbin G.] Eissler, [Chris C.] Haller, and [Michael D.] Medlock's opinions to be most convincing.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence, to accept

- 2 -

the opinions of Drs. Azzam, Eissler, Haller, and Medlock, and to reject the contrary opinion of Dr. Marriott C. Johnson, Jr., who performed an independent medical examination of claimant at employer's request. The opinions of Drs. Azzam, Eissler, Haller, and Medlock constitute credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.